**UNITED STATES of America,**

v.

**Il Hwan CHOI, Defendant.**

**No. 4:08cr5–RH/WCS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Oct. 10, 2008.

Winifred Acosta Nesmith, U.S. Attorney, Tallahassee, FL, for Plaintiff.

Michael Robert Ufferman, Michael Ufferman Law Firm, P.A., Tallahassee, FL, for Defendant.

### ORDER VACATING JUDGMENT AND SETTING TRIAL

ROBERT L. HINKLE, Chief Judge.

The defendant pled guilty and was sentenced. He has moved for relief under 28

U.S.C. § 2255. Because the defendant's attorney rendered ineffective assistance prior to the defendant's decision to plead guilty, and because the defendant would not in fact have pled guilty had the attorney rendered effective assistance, I grant the motion and set the case for jury trial.

## I

The defendant Il Hwan Choi is an alien. His primary concern, in deciding whether to plead guilty, was whether a conviction would result in his deportation. Mr. Choi's attorney called an agent from the Bureau of Immigration and Customs Enforcement, who advised that Mr. Choi probably would not be deported. The attorney so advised Mr. Choi. In reliance on this advice, Mr. Choi decided to plead guilty.

As it turns out, the conviction makes deportation mandatory. Had Mr. Choi known this, he would not have pled guilty.

## II

During the plea colloquy, I advised Mr. Choi that his guilty plea could result in his deportation. Mr. Choi said he understood this. I told Mr. Choi that I had not determined whether the plea *would* result in his deportation, and I told him the issue of deportation was entirely separate from the plea proceeding. (Document 74 at 36.)

It perhaps would have been better had I asked Mr. Choi whether anybody had made any promises or representations about the likelihood of his deportation. And it perhaps would have been better if the representation that had in fact been made had been brought to my attention by any participant in the plea colloquy. But nobody brought it up.

■ Still, deportation is a collateral consequence that need not be addressed during a plea colloquy. There was no defect in the plea colloquy that would support setting aside the guilty plea.

## III

Mr. Choi's claim is not, however, that the plea colloquy was defective. Instead, he asserts that his attorney rendered constitutionally ineffective assistance.

The standards that govern an ineffective assistance claim are well settled. A defendant must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the requirement that the "result of the proceeding would have been different" means that "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) The defendant need not show that he would have been acquitted at a trial.

## IV

■ Mr. Choi easily meets these standards here. First, under the facts of this case, relying on a government agent's advice rather than performing one's own legal research fell short of an objective level of reasonableness. The governing statutes made clear on their face that this conviction would result in Mr. Choi's mandatory deportation, subject only to narrow exceptions that Mr. Choi plainly could not meet. I assume without deciding that the attorney had no duty to advise Mr. Choi on the subject of deportation at all. But when Mr. Choi asked, the attorney could not properly provide an incorrect answer, without making an objectively reasonable effort to learn the truth. Even with the considerable deference properly accorded an attorney's work, this attorney's accep-

tance of the government agent's demonstrably incorrect advice was ineffective.

 Second, Mr. Choi testified, and I find as a fact, that he would not have pled guilty had his attorney told him—as a constitutionally effective attorney would have done in response to his inquiries—that a conviction would necessarily result in deportation. Mr. Choi pled guilty only because of his attorney's ineffective assistance.

## V

Finally, a word about these circumstances—albeit a word that has not affected the decision. This defense attorney performs consistently excellent work in this court. He acted in good faith. And the government agent who gave the incorrect advice also acted in good faith. This was simply a mistake. It was a mistake that led Mr. Choi to enter a plea that he would not knowingly, voluntarily, and intelligently have entered, had he received effective assistance of counsel.

Had a significant period elapsed between the entry of the plea and the filing of the motion to vacate, the governing standards would be the same, but the result would seem less appropriate. Here, however, the motion to vacate was filed not long after the plea and sentencing, and promptly upon learning that deportation was mandatory. These eggs can easily be unscrambled. The case will go to trial, precisely as would have occurred had the defense attorney done his own research on the critical deportation issue (or, for that matter, precisely as would have occurred had the government agent provided the correct answer to the defense attorney's inquiry). So here, the governing law and the proper result line up. These mistakes can be corrected and ultimately will have made no difference.

For these reasons,

IT IS ORDERED

The defendant's motion to vacate under 28 U.S.C. § 2255 (document 81) is GRANTED. The defendant's guilty plea entered on March 25, 2008, is hereby VACATED. The sentence imposed on June 12, 2008, and the judgment entered on June 13, 2008, are hereby VACATED. The trial is scheduled for December 1, 2008.

SO ORDERED.